UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CASE NUMBER: 3:18-CR-00072-RLM |
| ) | |
| MARVIN CATES ) | |

## UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA

Comes now the United States of America by Thomas L. Kirsch II, United States Attorney for the Northern District of Indiana, through Molly E. Donnelly, Assistant United States Attorney, to respond to defendant's motion to withdraw his guilty plea and request that the Court deny the motion.

### A.  Applicable legal standards.

"Plea agreements essentially are contracts between government and defendant, and their utility to either party depends upon the assurance of enforcement." *United States v. Underwood*, 174 F.3d 850, 854 (7th Cir. 1999) (citations omitted). "[A] defendant has no absolute right to withdraw a guilty plea." *United States v. Schilling*, 142 F.3d 388, 398 (7th Cir. 1998). After the Court has accepted a guilty plea but before it imposes sentence, it can only grant a defendant's motion to withdraw the plea if the defendant "can show a

fair and just reason for requesting the withdrawal."[1] Fed R. Crim. P. 11(d)(2)(B); *see United States v. White*, 597 F.3d 863, 867 (7th Cir. 2010); *United States v. Bennett*, 332 F.3d 1094, 1099 (7th Cir. 1999). "The defendant bears the burden of proving such a reason exists." *United States v. Coonce*, 961 F.2d 1268, 1275 (7th Cir. 1992).

The "fair and just reason" showing is highly dependent on the circumstances of each case; thus, the record of a defendant's statements at the Rule 11 hearing is of primary importance. *White*, 597 F.3d at 867. Rule 11 requires that the judge inform the defendant of certain rights and the waiver of those rights as well as address certain topics, including the nature of the charge to which the defendant is pleading guilty; the maximum and mandatory minimum penalties authorized by statute; the court's obligations regarding sentencing; the absence of threat, coercion, or outside promise; and the defendant's satisfaction with his counsel's representation. *See* Fed. R. Crim. P. 11(b); *United States v. Blalock*, 321 F.3d 686, 688-89 (7th Cir. 2003); *Bennett*, 332 F.3d at 1099.

"Representations made at a Rule 11 plea colloquy are given a presumption of verity . . . and the defendant bears the burden of demonstrating a fair and just reason to permit withdrawal of the guilty plea." *Bennett*, 332

---

[1] A withdrawal of this type is separate from a court's rejection of a plea agreement under Rule 11(c)(5). Fed R. Crim. P. 11(d)(2)(A).

2

F.3d at 1099 (citations omitted). Even if an allegation in a defendant's motion might appear to warrant withdrawal, it may be insufficient in light of the statements the defendant made during his Rule 11 hearing. *United States v. Trussel*, 961 F.2d 685, 689 (7th Cir. 1992). The objective of a Rule 11 hearing "is to establish that the plea was knowingly and voluntarily made." *United States v. Ellison*, 835 F.2d 687, 693 (7th Cir. 1987). Accordingly, the defendant's answers in response to the court's questions are a large part of the court's determination of whether the guilty plea was made knowingly and voluntarily. *Id.* A defendant who seeks to "withdraw his plea on the ground that his plea was not knowing and voluntary, contrary to his assertions at the Rule 11 proceeding, faces a heavy burden of persuasion." *United States v. Standiford*, 148 F.3d 864, 867 (7th Cir. 1998), citing *Ellison*.

Here, the defendant's claimed "fair and just reason" for withdrawing his guilty plea is that he entered the plea under duress. DE 51. Cates states that he did not have enough time to decide whether or not to accept the plea. *Id*. However, the record of the Rule 11 plea colloquy, conducted five days after Cates signed the written plea agreement, establishes that his plea was knowing and voluntary. Cates's reason for seeking withdrawal is "insufficient in the context of a record containing substantial indications of voluntariness and lack of confusion." *Trussel* at 689.

3

### B.  Plea negotiations and change of plea hearing.

In July of 2018, the government proposed a plea agreement to defense counsel. *See* Exhibit 1. The proposed agreement contemplated a plea to being a felon in possession of a firearm while also containing an appellate waiver and a recommendation by the government for a three level reduction in offense level for acceptance of responsibility. *See id*. Cates rejected that plea offer and filed a motion to suppress in August. DE 24. On September 6, 2018, a hearing was conducted on the suppression issue, and the motion was denied. DE 31. Trial was set for September 25, 2018. *Id*.

On September 11, 2018, the government informed defense counsel that, based on laboratory testing results that had been received, it intended to seek a superseding indictment for additional charges of possession with intent to distribute heroin and cocaine as well as possessing a firearm in furtherance of a drug trafficking crime. *See* Exhibit 2. The government proposed a plea agreement that contemplated a plea to being a felon in possession of a firearm, an appellate waiver, an agreement by the government not to seek additional charges based on the controlled substances or on Cates's testimony at the suppression hearing, and no agreement by the government to recommend an acceptance of responsibility reduction. *See id*. The government informed the defense that because the trial date was only two weeks away, it would be

4

seeking to supersede the indictment the following day if Cates did not wish to plead guilty. *See id.*

Defense counsel informed the government that he would not be able to meet with Cates until after the government intended to seek the superseding indictment. *See* Exhibit 3. The government responded that, in order to give Cates sufficient time to consider his options so that he did not feel pressured, it would extend the same plea offer to Cates even if the grand jury returned a superseding indictment -- the only difference being that in the terms of the plea, the government would agree to dismiss the additional charges rather than agree not to seek the additional charges. *See* Exhibit 4. The following day, September 12, 2018, defense counsel met with Cates, who signed the plea offer. DE 34. No superseding indictment was sought.

The change of plea hearing occurred before a magistrate judge five days later, on September 17, 2018. DE 37. The hearing began by Cates confirming that he wished to plead guilty. DE 55 at 3. Cates was asked whether he had "enough time to discuss your case with" defense counsel, and Cates said that he had. DE 55 at 7. The magistrate judge asked "specifically, have you had enough time to discuss this plea agreement with him?" *Id.* Cates responded -- yes. *Id.* When asked whether Cates believed that defense counsel had properly represented him in every way during the course of the case, Cates said that he did believe that. DE 55 at 8. Cates also said that he was satisfied with counsel's

5

representation of him. *Id*. These sentiments echoed the signed plea agreement, wherein Cates said that he believed and felt that "my lawyer has done all that anyone could do to counsel and assist me and that I now understand the proceedings in this case against me." DE 34 at 7.

Cates understood that as of the day of the change of plea hearing, even though he had signed the plea agreement nearly a week previously, he still had the right to plead not guilty. DE 55 at 10. Cates also understood that, barring the Court not accepting the government's agreement to not file additional charges, he was "not going to be able to come back later and withdraw this plea of guilty." DE 55 at 14, 22. Later in the plea colloquy, the magistrate judge again asked, "the only way you're going to be able to withdraw this plea is if [the Court] decides not to accept that particular binding portion of the plea, right?" DE 55 at 23. Cates responded -- yes. *Id*.

Cates confirmed that he understood "the possible consequences for [his] plea of guilty." DE 55 at 24. Cates said that no one had threatened him or anyone else and that no one had "forced or pressured [him] or anyone else in any way to make [him] plead guilty." *Id*. He also said that no one had "made any promises or assurances or predictions to [him] or to anyone else to cause [him] to plead guilty." *Id*. He had also acknowledged as much in his written plea agreement, where he said that he offered his guilty plea "freely and voluntarily and of my own accord, and no promises have been made to me other

6

than those contained in this petition, nor have I been threatened in any way by anyone to cause me to plead" guilty. DE 34 at 7. Cates said during the hearing that he had read the written plea agreement, discussed it with defense counsel, and understood it. DE 55 at 25. Cates ultimately pleaded guilty. DE 55 at 34. This Court adopted the report and recommendation of the magistrate judge on October 3, 2018, accepted Cates's plea of guilty, and found Cates guilty. DE 39.

### C. Cates was unambiguous in his understanding and acceptance of the terms of the plea agreement.

Cates claims that he entered his plea under duress because he did not have enough time to consider the terms of the plea agreement. DE 51. This argument fails based on the record. At the Rule 11 plea colloquy, Cates said that he had enough time to discuss the whole case, and the plea agreement specifically, with defense counsel and that counsel had properly represented him. DE 55 at 7-8. From the time he signed the plea agreement, Cates had another five days to consider its contents before he actually changed his plea at the hearing. DE 34, 37. Cates twice told the magistrate judge that he understood that he would not be able to withdraw his plea in the future. DE 55 at 14, 23. Cates said that no one had forced or pressured him to make him plead guilty. DE 55 at 24.

Cates's sworn statements that he had enough time to discuss the plea agreement with defense counsel and that no one had forced or pressured him into pleading guilty "are given a presumption of verity." *Bennett*, 332 F.3d at 1099. "The presumption of verity of a defendant's statements in pleading guilty is overcome only if the defendant satisfies a heavy burden of persuasion." *United States v. Logan*, 244 F.3d 553, 558 (7th Cir. 2001) (quotations and citations omitted). Given the thorough Rule 11 colloquy here, Cates "faces an uphill battle" in his attempt to withdraw his plea, and he has provided this Court no reason why his sworn statements should not be believed. *Id*. "Rational conduct requires that voluntary responses made by a defendant when entering a guilty plea be binding." *Trussel*, 961 F.2d at 689 (quotations and brackets omitted).

In *United States v. Messino*, 55 F.3d 1241 (7th Cir. 1995), the defendant moved to withdraw his guilty plea based on claims that he was pressured and coerced into pleading guilty by his attorney and his family, and that the government improperly influenced his decision to plead guilty. *Messino*, 55 F.3d at 1246. The *Messino* Court looked at the Rule 11 plea colloquy, including the defendant's statement that no one had promised him anything or threatened, forced, or coerced him into pleading guilty. *Id*. at 1250. The Court determined that the plea colloquy established that the defendant's "contentions about coercion are unpersuasive and lack support in the record."

8

*Id.* at 1251. The same is true here. The record does not support Cates's contentions, and it in fact establishes that there is no "fair and just reason" for Cates's plea to be withdrawn.

> **D. The substance of Cates's motion is belied by the plea negotiations and the timing of his attempted plea withdrawal.**

The Court need not look beyond the record of the plea colloquy to deny Cates's motion. But even if the Court looked at the substance of the plea negotiations, Cates's claims of duress based on inadequate time to consider the plea agreement are unsupported. Communications between the government and defense counsel show that the government extended the time for Cates to consider the plea offer so that he would not feel rushed to make a decision, and Cates later confirmed that he in fact did not feel rushed in his acceptance of the plea agreement. Exhibit 4; DE 55 at 24. Moreover, the general substance of the plea agreement was not new to Cates, as much of the actual plea agreement was the same as the proposed plea that was rejected by Cates prior to the suppression hearing.

This Court is "entitled to take into account the timing of [a defendant's] request" to withdraw his guilty plea. *United States v. Bowlin*, 534 F.3d 654, 660 (7th Cir. 2008). Here, Cates had five days from the time he signed the plea agreement to the time he actually pleaded guilty to inform the magistrate judge that he felt pressured to enter into the plea agreement. He did not do so.

9

He had over two weeks from the change of plea hearing to the time the Court accepted his guilty plea to allege duress. He did not do so. He had another month and a half from when the Court accepted his guilty plea until the draft Presentence Investigation Report ("PSR") was filed to say that he had not had enough time to consider the plea offer. He did not do so. It was not until after the draft PSR was filed that he moved to withdraw his guilty plea. DE 51. Two and a half months passed from the change of plea hearing to his motion to withdraw his plea. The timing of this motion points to the conclusion -- not that Cates felt pressured to accept the plea offer -- but rather that the sentencing guidelines calculation in the draft PSR was above his expectations. "Like many defendants before him," Cates may be "unpleasantly surprised to discover" the recommendations of the draft PSR. *Bowlin*, 534 F.3d at 657. But that is not a "fair and just reason" to withdraw his guilty plea. "Nothing in this chain of events would support a finding that" Cates's "plea of guilty was not knowing and voluntary." *Id*. at 660-61.

**D.     Conclusion.**

The record and the Rule 11 plea colloquy establish that Cates's guilty plea was knowingly and voluntarily made. Plea negotiations and the timing of Cates's motion to withdraw his plea contradict his allegations of duress. Cates has not presented a "fair and just reason" for his plea to be withdrawn. His motion should be denied.

Dated:  December 7, 2018

                              Respectfully submitted,

                              THOMAS L. KIRSCH II
                              UNITED STATES ATTORNEY

By:    s/ Molly E. Donnelly
        Molly E. Donnelly
        Assistant United States Attorney
        Robert A. Grant Federal Building
        204 South Main Street
        Room M-01
        South Bend, Indiana 46601
        Office: (574) 236-8287
        Email: molly.donnelly@usdoj.gov

## **CERTIFICATE OF SERVICE**

  I certify that on December 7, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system that sent notification of such filing to defense counsel.

                s/ Chris Carson
                United States Attorney's Office
                204 S. Main Street, Room M01
                South Bend, IN 46601
                (574) 236-8287